IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| METRA INDUSTRIES, INC., )<br>50 Muller Place, )<br>Little Falls, New Jersey 07424 )<br> )<br>            Plaintiff, )<br> )<br>v. )<br> )<br>ECONOMIC INTERNATIONAL )<br>CONSTRUCTION COMPANY, INC. )<br>720 S Caton Ave. )<br>Baltimore, Maryland 21229 )<br> )<br>            Defendant. )<br>_____) | Case No. _____ |

## COMPLAINT

Plaintiff, Metra Industries, Inc. ("Metra"), by counsel, and for its Complaint against Defendant Economic International Construction Company, Inc. ("EICCI"), states as follows:

### PARTIES

1. Metra Industries, Inc. is a corporation duly organized and existing under the laws of the State of New Jersey. Metra is registered to do business in the Maryland and has its principal place of business located at 50 Muller Place, Little Falls, New Jersey 07424.

2. EICCI is a Maryland Corporation. Upon information and belief, EICCI operates as an MBE utility construction company in the City of Baltimore and Baltimore County and has its principal place of business located at 720 Caton Ave., Baltimore, MD 22129.

### JURISDICTION AND VENUE

3. This Court possesses original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) because the matter in controversy exceeds $75,000, exclusive

of costs and interest, and there is complete diversity of citizenship between the Plaintiff and the Defendant.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(b)(2) and/or (b)(3), as EICCI's tortious interference with Metra's contract with the Baltimore Department of Public Works ("DPW") occurred in this District, EICCI's false and defamatory statements regarding Metra's Minority Business Enterprise ("MBE") compliance were made in this District, and the false and defamatory statements were intended to harm Metra's business interests in this District.

5. Defendant EICCI is subject to personal jurisdiction in this District because it is a corporation with its principal place of business in Baltimore, Maryland, and, upon information and belief, it does a substantial portion of its business in Baltimore City and Baltimore County.

## GENERAL BACKGROUND

6. This lawsuit arises from EICCI's (and its owner Russell Moore's) intentionally fabricated, false, and malicious statements made to Baltimore City and the public through the Baltimore City Board of Estimates ("BOE").

7. Over the last 20 years, Metra has completed a significant number of public works projects in the City of Baltimore, and in so doing, has received numerous accolades.

8. Although Metra is based in New Jersey, it has maintained a separate office and equipment yard in Baltimore County for over 20 years.

9. Metra has completed tens of millions of dollars in work for the City of Baltimore (the "City"), and its continued operation here is predicated upon Metra being able to bid on, and obtain, City water and sewer contracts.

10. Many of the contracts on which Metra has bid have MBE or Women Business Enterprise ("WBE") set aside goals for which Metra has always met its obligations.

11. In the past six years alone, Metra has contracted and paid over $22,000,000 to MBE/WBE subcontractors.

12. Metra has complied with State and City (collectively, the Owner's) MBE/WBE goals on its Projects.

13. Where the Owner's programmatic changes have eliminated scope for an MBE on one or more of Metra's contracts, Metra has offered additional scope or substituted MBEs whenever possible to maintain MBE participation goal levels.

14. When it was not possible to maintain those participation goal levels due to the Owner's scope changes or other changed circumstances, Metra obtained waivers from the relevant MBE enforcement agencies.

15. EICCI is an MBE that Metra in the past has utilized for several of its projects with the City and State.

16. Notwithstanding EICCI's continually poor performance, including a pattern of delays, refusal to provide unit price quotes for work that Metra had hoped EICCI would perform, and selectively refusing to perform certain scopes of work, EICCI was paid all amounts due for the work EICCI performed on Metra contracts.

17. In April 2022, Metra stopped writing EICCI into bid submissions to the City, indicating that it would be utilizing different Baltimore MBE entities for its contracts due to EICCI's repeated deficiencies in the completion of its scope and in providing bids to Metra on prior contracts.

18. At that point, Russell Moore, EICCI's owner, told Metra that he would personally see to it that Metra was not given any future work for the City of Baltimore.

19. Recently, the DPW solicited bids for Water Contract 1315 ("WC-1315"), which is an $18.5 million contract.

20. After the bids for WC-1315 were submitted and evaluated by the DPW, the DPW and the Law Department recommended that the BOE award WC-1315 to Metra.

21. EICCI was not included in Metra's bid submission for WC-1315.

22. Monumental Paving and Excavation ("Monumental") was the second lowest bidder for WC-1315.

23. EICCI is included in Monumental's bid for $2,268,525 as Monumental's planned, sole and exclusive MBE subcontractor.

24. Consequently, EICCI stands to gain if Metra is disqualified from bidding on City projects.

25. In keeping with the threats made by EICCI's owner to drive Metra out of Baltimore, on January 9, 2023, EICCI sent a letter to the BOE that contained a series of knowingly false assertions of fact. EICCI's false and defamatory letter is attached hereto as Exhibit A.

26. First, EICCI wrote in its January 9, 2023 letter to the BOE that "Metra has a demonstrated and repeated track record of not meeting its MBE contractual obligations by not fulfilling its participation goals and by not paying its MBE subcontractors." (Ex. A.)

27. As supposed evidence for this baseless assertion, EICCI falsely stated to the BOE that Metra owes EICCI a combined $7,294,146.33 on the seven specific projects referenced in Exhibit A.

28.     In deliberately lying to the BOE as to Metra's supposed $7,294,146.33 debt to EICCI, EICCI concealed the fact that—regarding most of the contracts at issue—EICCI either never performed the work at issue, refused to provide a quote or, where EICCI did provide quotes and was awarded a subcontract, EICCI refused to perform the work at the agreed price.

29.     Simply put, EICCI falsely told the City and the public that Metra owed EICCI $7,294,146.33 for work that EICCI never did.

30.     In some of those contracts, the City eliminated or modified the scope that EICCI was subcontracted to perform. Wherever possible, Metra offered EICCI new or additional scope, but EICCI routinely refused to provide quotes for, or accept any, of that additional scope.

31.     Nevertheless, EICCI told to the BOE that it is somehow still due funds for work that it never performed.

32.     On the first job listed on the table included in EICCI's January 9, 2023 letter (Contract SC 963), EICCI claims that it is "owed" $2,854,317 from Metra and provides this supposed "fact" as grounds for having Metra disqualified to bid on public works projects.

33.     In actuality, on November 12, 2019, the Maryland Department of the Environment M/WBE Coordinator wrote to the City confirming that SC 963 "remains in compliance with M/WBE Good Faith Efforts."  (Exhibit B, at p. 1, first paragraph).

34.     In the very next paragraph, the State listed the W/MBE utilization for SC 963 as follows:

| Sub-Contractor | Type of Work | Amount | Participation Level | MBE/WBE |
|---|---|---|---|---|
| R&R Contracting Utilities | Sitework/Utilities | $502,000.00 | 5.58% | WBE |
| Economic International | Sitework/Utilities | $ 57,000.00 | 0.63% | MBE |
|  |  | $559,000.00 | 6.21% |  |

35. Thus, the State's November 12, 2019 letter to the City confirms that EICCI's participation in SC 963 will be $57,000 (or .63%), and, in the accompanying MBE/WBE compliance review, the State notes that no further work will be subcontracted.

36. EICCI's false and defamatory January 9, 2023 letter to the Board of Estimates acknowledges receipt of $67,000—$10,000 more than approved by the State—and yet, EICCI fraudulently claims that Metra somehow owes EICCI another $2,854,317 for work that EICCI never did.

37. In fact, five of the contracts for which EICCI falsely claims it is owed money from Metra have been closed out, and the final retainage for them has been released by the DPW.

38. For those contracts where scope reductions or modifications by the DPW have resulted in lower MBE utilization, or EICCI's failure to perform caused Metra to utilize alternate MBE subcontractors, Metra obtained waivers for the reduction or substitution from the Minority and Women's Business Opportunity Office ("MWBOO").

39. In keeping with EICCI's stated intent to drive Metra out of Baltimore, EICCI's January 9, 2023, letter nonetheless demands, not only that Metra be denied WC-1315, but also that, until Metra pays $7,294,146.33 to EICCI, the BOE "must not award *any* additional contracts to Metra" (emphasis added).

40. In furtherance of its objective to drive Metra out of the City, EICCI repeated its false and baseless allegations to Fox 45 News in Baltimore.[1]

---

[1] The story, where Metra is identified by name, is currently available on Fox 45 News's website at https://foxbaltimore.com/news/city-in-crisis/procurement-problems-still-exist-says-inspector-general. A pdf of that story is attached hereto as Exhibit C. There is also a video clip that aired on the news in which for EICCI's attorney repeated these defamatory statements.

41. According to the Fox 45 story, "the owners of Economic International Construction Company . . . are accusing [Metra] of winning lucrative contracts, in the past, by promising then failing to hire Baltimore minority subcontractors."

42. EICCI told Fox 45 News that the "Owners of [EICCI] has [sic] lost millions of dollars on [Metra's] empty promise."

43. EICCI's attorney, Thiru Vignarajah, appeared on television in the Fox 45 News story and said that "$8.3 million dollars [Metra] pledged to deliver to this black owner subcontractor and one contract after another they've ignored their obligation."

44. EICCI's false and dishonest statements regarding Metra's alleged $7,294,146.33 debt to EICCI, and its alleged "non-compliance," are baseless and reflect nothing more than EICCI's stated desire to drive Metra out of Baltimore.

45. EICCI's false and libelous statements have had their intended effect – the BOE has already delayed award of WC-1315 and it and has not included the award of WC-1315 to Metra on any of its recent agendas.

46. EICCI's statement to the City that Metra owes EICCI $7,294,146.33 is a flat-out fabrication that was specifically intended to: (i) deny Metra the award of WC-1315, (ii) gain for itself over $2,000,000 of work, and (iii) to further preclude "*any* additional contracts [being awarded] to Metra."

## COUNT I
**(Defamation Per Se)**

47. Metra repeats and realleges the allegations contained in paragraphs 1 through 46 as if set forth at length herein.

48. EICCI's made defamatory statements to the BOE, falsely indicating to the City that Metra has failed to comply with applicable MBE goals and that Metra owes EICCI over $7 million dollars.

49. EICCI's defamatory letter to the City was intended to: (i) stop the award of WC-1315 to Metra; (ii) subject Metra to public scorn; and (iii) harm Metra's economic prospects, business relationships, and reputation in the community.

50. EICCI's statements in its January 9, 2023, letter that Metra owes EICCI over $7 million dollars and that Metra fails to meet MBE goals were false, and EICCI knew them to be false when it made those statements.

51. Metra's reputation, its interests in obtaining the contract award for WC-1315, and its interest in continuing to do business in the City and to obtain City contracts, have been irreparably damaged by EICCI's malicious, false, and defamatory statements.

52. EICCI's actions were malicious, willful, and wanton, and evidence a conscious disregard for the truth and for rights of Metra; accordingly, punitive damages are appropriate and should be awarded to Metra.

## COUNT II
### (Injurious Falsehood)

53. Metra repeats and realleges the allegations contained in paragraphs 1 through 46 as if set forth at length herein.

54. EICCI made knowingly false and derogatory statements to the BOE.

55. EICCI statements were made out of spite, with actual malice, and with the specific intention to injure Metra's business by discouraging the City of Baltimore from doing business with Metra.

56. EICCI's false and derogatory statements have damaged Metra in multiple respects, including but not limited to: (i) the loss of revenue from WC-1315; (ii) the non-issuance of a $3 million dollar additional funds change order to its existing Contract WC-1403, which was already being processed; (iii) the fact that Metra has been forced to expend additional time and resources to contest and rebut EICCI's false allegations; and (iv) the reputational and economic damage to Metra's business relations as the result of EICCI's statements.

## COUNT III
### (Tortious Interference with Contract)

57. Metra repeats and realleges the allegations contained in paragraphs 1 through 46 as if set forth at length herein.

58. Metra had a prospective economic relationship with the City of Baltimore as it was the low bidder for WC-1315, and, in fact, the DPW had already recommended award to Metra.

59. Prior to EICCI's malicious and wrongful infringement upon Metra's economic relationship with the DPW, Metra was poised to receive an $18.5 million contract from the City of Baltimore and a $3 million additional funds change order to its existing Contract WC-1403.

60. EICCI's intentionally and tortiously interfered with the award of WC-1315 to Metra, as well the ongoing administration of Contract WC-1403, using injurious falsehoods against Metra and fraudulent representations to the BOE.

61. EICCI's wrongful conduct was done for the purpose of causing harm to Metra, and to reap the benefit of that harm, by securing an award of WC-1315 to the second highest bidder Monumental, whose proposal included $2,268,525 of work for EICCI as its sole and exclusive MBE contractor.

62.     Metra has suffered damages from EICCI's tortious interference with its economic relationship with the City of Baltimore, including but not limited to, contracts WC-1315 and WC-1403, in an amount to be determined at trial, but well in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Metra respectfully requests that the Court enter judgment in favor of Metra and against Defendant Economic International Construction Company, Inc. as follows:

(a) Compensatory damages in an amount to be determined at trial, but exceeding $75,000; should the City rescind its intended award of WC-1315 to Metra, Metra's damages for which EICCI is liable will exceed $3,000,000;

(b) Punitive damages;

(c) All expenses and costs, including attorneys' fees;

(d) An injunction prohibiting the Defendant from disseminating, distributing, or publishing any statements that are judicially determined to be defamatory; and

(e) Such other and further relief as the Court deems appropriate.

Dated:   February 28, 2023                    Respectfully Submitted,

                                                /s/
                                 Adam M. Tuckman (Bar No. 21446)
                                 Watt, Tieder, Hoffar & Fitzgerald, LLP
                                 1765 Greensboro Station Place, Suite 1000
                                 McLean, VA 22102
                                 Tel: (703) 749-1000
                                 Fax: (703) 893-8029
                                 atuckman@watttieder.com

                                 *Counsel for Plaintiff Metra Industries Inc.*